IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ICEBERG INDUSTRIES, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SHAZAM ENTERTAINMENT, LTD.,<br><br>　　　　　　Defendant. | Case No. 1:10cv755 (GBL/IDD) |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rules 16 and 26, and this Court's order dated November 15, 2010 (Dkt. No. 22), Plaintiff Iceberg Industries, LLC ("Iceberg" or "Plaintiff") and Defendant Shazam Entertainment, Ltd. ("Shazam" or "Defendant") hereby submit their Joint Proposed Discovery Plan in connection with the Rule 16(b) Conference currently scheduled for December 8, 2010. (Dkt. No. 22). As detailed below, the parties have agreed on all issues addressed in this statement.

　　**A.　Proposed Discovery and Scheduling Deadlines**

　The parties have agreed to the following schedule:

　　　1.　Simultaneous Exchange of Initial Disclosures: **December 15, 2010.**

　　　2.　Deadline for Plaintiff to Serve Patent Disclosures (*see* Section D, *infra*): **December 29, 2010**.

　　　3.　Deadline for Defendant to Serve Patent Disclosures (*see* Section E, *infra*): **January 19, 2011**.

　　　4.　Date to Substantially Produce Emails Responsive to Discovery Requests and Initial Disclosure Requirements (*see* Section F, *infra*): **January 17, 2011**.

　　　5.　Deadline to Amend Pleadings (*see* Section G, *infra*): **January 21, 2011**.

　　　6.　Deadline to Exchange Proposed Claim Terms for Construction (*see* Section H, *infra*): **February 15, 2011**.

    7.     Deadline to Exchange Proposed Claim Constructions (*see* Section H, *infra*): **March 1, 2011**.

    8.     Expert Reports of Parties with Burden of Proof: **March 16, 2011**.

    9.     Rebuttal Expert Reports: **March 30, 2011**.

    10.    Close of Discovery: **April 15, 2011**, pursuant to the Court's order dated November 15, 2010.

    11.    Deadline to File Dispositive Motions: **May 5, 2011**.

    12.    Case Ready for Trial: **June 2011**.

The limitations of the Federal Rules of Civil Procedure and any applicable Local Rules and Court order(s) shall govern depositions, interrogatories and all other discovery, absent further agreement of the parties or leave of Court.

**B.**    **Protective Order**

The parties are negotiating a proposed protective order to govern discovery of confidential information and related issues. The parties agree that until the Court enters a protective order, all documents produced pursuant to this Plan and in response to discovery requests shall be treated by the receiving party as Outside Attorneys' Eyes Only, shall be disclosed only to outside counsel of record for a party, shall be used solely for purposes of this litigation, and shall not be disclosed to any person involved in prosecuting any patent for any party. No party shall withhold producing its documents based on confidentiality concerns (other than third-party obligations) or the fact that the protective order has not yet been entered; provided, however, that any party may require additional security measures to protect the confidentiality of its source code. Such measures may include, for example, producing source code for inspection at a secure site and under secure conditions established by the producing party (so long as such site is in the United States) and requiring the reviewing party to identify

source code files desired for copying before providing copies. To the extent the treatment of confidential source code has not been addressed in a protective order entered by the Court before the time of production, the parties agree to meet and confer in good faith to establish interim procedures for the production and treatment of confidential source code.

    **C.**    **Initial Disclosures**

        **1.**    On December 15, 2010, Plaintiff shall produce or make the following available for inspection and copying along with its Initial Disclosures:

            **a.**    All documents concerning any disclosure, sale or transfer, or offer to sell or transfer of any item embodying, practicing or resulting from the practice of the claimed invention prior to the date(s) of application(s) for the patents in suit. Production of a document by Plaintiff in its Initial Disclosures is not an admission that the document evidences or is prior art under 35 U.S.C. §102.

            **b.**    All documents concerning the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date(s) of application(s) for the patents in suit.

            **c.**    All documents concerning ownership of the patents in suit.

        **2.**    On December 15, 2010, Defendant shall produce or make the following available for inspection and copying along with its Initial Disclosures:

            **a.**    Documents sufficient to show the operation and construction of relevant aspects or elements of each accused apparatus, product, device, component, process, method or other instrumentality identified with specificity in the First Amended Complaint.

      **b.**    A copy of each item of prior art of which the party is aware that allegedly anticipates any patent claim specifically identified as asserted in the First Amended Complaint or renders it obvious or, if a copy is unavailable, a description sufficient to identify the prior art.

**D.**    **Patent Disclosures**

Plaintiff shall serve Initial Patent Disclosures on or before December 29, 2010. Plaintiff's Initial Patent Disclosures shall include the following:

    **1.**    Infringement claim chart(s), including the following details:

        **a.**    An identification of all asserted patent claims.

        **b.**    An identification of all accused products, methods or other instrumentalities.

        **c.**    An identification, on a claim-by-claim basis, whether Plaintiff contends the accused instrumentalities infringe literally or under the doctrine of equivalents.

        **d.**    An identification of which claim elements Plaintiff contends should be construed under 35 U.S.C. §112 ¶ 6 (means-plus-function), and for each such element, an identification of all supporting structure, material or acts disclosed in the specification.

        **e.**    A comparison of each asserted claim to each accused instrumentality on a limitation-by-limitation basis, identifying how Plaintiff contends the accused instrumentality meets each limitation of each asserted claim (including structure, material or

        acts for elements the patentee contends should be construed under 35 U.S.C. § 112 ¶ 6).

2. A description of any commercial embodiments of the invention and their timing, including but not limited to:

    a. Whether the patentee asserts that any of its own past or present products are covered by the asserted claims.

    b. The dates of first public use of any such embodiment.

    c. The dates of first sale and first offer for sale of any such embodiment.

3. Plaintiff's contentions concerning the claimed date of invention and an identification of all supporting information and documents, including information and documents relating to or corroborating conception, reduction to practice and diligence, and, for each patent application to which the patentee claims priority for each such claim, an identification of the support for each claim element in such application.

4. Production of a complete copy of the file histories for the patents in suit, including foreign equivalents and their file histories.

5. Production of all agreements to license or otherwise convey rights to or under any of the patents in suit.

Plaintiff shall not withhold substantive responses to any interrogatory served by Defendant on the basis that the date for Plaintiff's Initial Patent Disclosures has not yet arrived.

    **E.**    **Defendant's Patent Disclosures**

Defendant shall serve Initial Patent Disclosures on or before January 19, 2010. Defendant's Initial Patent Disclosures shall include the following:

1. Invalidity claim chart(s), including the following details:

    a. An identification, with particularity, of each item of prior art that Defendant contends invalidates any asserted claim of the patents in suit. Each prior art patent shall be identified by its number, country of origin and date of issue. Each prior art publication must be identified by its title, date of publication, and author and publisher. Prior art under the on-sale or public use or knowledge provisions of 35 U.S.C. §102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or by which the information was known or used, and to the extent known, the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicants.

    b. An identification, on a claim-by-claim basis, whether Defendant contends the asserted claim is invalidated under 35 U.S.C. § 102 and/or 103.

      **c.**    A chart identifying where specifically in each alleged item of prior art, or combination of items of prior art, each element of each asserted claim is found (including structure, material or acts for elements to be construed under 35 U.S.C. § 112 ¶ 6). If obviousness is asserted, the reasons to combine items of prior art must be identified.

      **d.**    A detailed statement of any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) or enablement or written description under 35 U.S.C. §112(1).

      **e.**    An identification of other grounds of invalidity and/or unenforceability asserted by Defendant.

**2.**    A copy of each asserted prior art reference that is not in the file history or that has not already been disclosed.

**3.**    To the extent not already produced, documents sufficient to describe the accused instrumentalities.

Defendant shall not withhold substantive responses to any interrogatory served by Plaintiff on the basis that the date for Defendant's Initial Patent Disclosures has not yet arrived.

    **F.**    **Production of Email Discovery**

Due to the volume of potentially relevant email discovery and issues involving privacy laws in the United Kingdom (where Shazam is based) affecting the production of emails, the parties agree that email discovery need not be substantially produced until January 17, 2010. The parties further agree that they will meet and confer in advance of that date to discuss limits on email discovery, including identification of relevant custodians and key words.

G.       **Amendment of Pleadings**

The parties agree that any motion for leave to amend pleadings shall be considered untimely if filed after January 21, 2010.  Each party reserves the right to object to motions for leave to amend pleadings filed on or before January 21, 2010, on grounds other than timeliness, including but not limited to grounds that the proposed amendment would unduly complicate the issues for discovery and/or trial.

H.       **Exchanges of Proposed Claim Terms and Proposed Constructions**

On or before February 15, 2011, each party shall serve on the other a list of claim terms, phrases or clauses which that party contends should be construed by the Court.  Prior to March 1, 2010, the parties shall meet and confer to identify a common list of terms to be construed.  On or before March 1, 2011, each party shall serve on the other proposed constructions for the identified claim terms, including, for each element that any party contends is governed by 35 U.S.C. § 112 ¶ 6, an identification of the structure, material or acts corresponding to that element.

I.       **Trial**

A jury trial has been demanded.  The parties anticipate that the trial will take approximately 5-7 court days to complete.

J.       **Electronically Stored Information**

The parties and their counsel shall take reasonable measures to identify, retain, and preserve all electronic media in their possession, custody, or control that contain data, files, and communications relevant to the claims and defenses in this case, from all reasonably identifiable sources (including but not limited to mainframe computers, servers, laptops, work stations, and personal digital assistants).  The parties shall notify users of relevant computer equipment or the

relevant data, files, and communications of the immediate need to preserve all existing and relevant data, files, and communications.

### K.     Production of Electronic Files and Data and Other Discoverable Materials

For purposes of the discovery of electronic files and data, the parties agree to be governed by the Federal Rules of Civil Procedure.  All data, files, and communications that, in the ordinary course of business, are recorded in electronic media (including, but not limited to, electronic mail and attachments, word processing files, and spreadsheets) may be produced in native file format, in TIFF format with corresponding load files, or in PDF format.  To the extent other production formats are deemed necessary, the parties will endeavor to reach agreement as needed.  Additionally, the electronic documents will be marked with appropriate production numbers and confidentiality designations.  All data, files, and communications that, in the ordinary course of business, are recorded in other media (microfiche, paper, etc.), shall be produced as either image files (*e.g*., PDF or TIFF) or as paper files.   Voice mails need not be searched, accessed, or produced in response to any discovery request.  The media to be used in the production of electronically stored information shall be hard drive (HDD), CD-ROM, DVD-ROM or, for insubstantial productions, email attachment.   If responsive deleted information still exists, and if restoration of it is needed, the costs of access and restoration shall be borne by the requesting party.  If back-up and archival data exists, and if production of it is needed, the costs of access and production shall be borne by the requesting party.

### L.     Requesting Electronically Stored Information from Third Parties

The parties will informally attempt to meet and confer with any non-party (or counsel, if represented) from whom any electronically stored information is requested, to discuss the issues of format, media, burdens, and costs.

### M. Claims of Privilege or Protection of Trial Preparation Material

The responding party to discovery shall provide a privilege log for all material for which a privilege is claimed. The log will set forth bates number (if any) of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion. No party will be required to put on the privilege log documents that chronicle communications between the parties and their respective counsel made in relation to or in anticipation of this litigation if such documents were generated after the filing of the Complaint, except opinions of counsel with respect to infringement, validity, or enforceability upon which the party intends to rely at trial. The parties shall provide a privilege log within fifteen days after production in which the privileged materials were identified, with the specific understanding that updates and amendments to privilege logs may be expected.

### N. Inadvertent Disclosure

The parties recognize that the expedited discovery schedule may result in the inadvertent production of privileged material. Inadvertent production of privileged material shall not be deemed a waiver of any privilege as long as the producing party, upon discovering such inadvertent production, promptly notifies the receiving party that it has inadvertently produced privileged material and identifies the specific material inadvertently produced. Upon such notification the receiving party shall either promptly return the same upon written request from the producing party or notify the producing party that it disagrees that the identified material should be returned and the reasons therefor. In the event of a dispute, the party making the inadvertent production shall bear the burden of seeking relief from the Court and of proving that the materials or information at issue should be treated as privileged or protected material, and that there otherwise has been no waiver. If the inadvertently producing party does not seek relief

from the Court within fifteen (15) days of the refusal of the receiving party to return the alleged inadvertently produced documents, then any privilege with respect thereto is deemed waived. After receiving notification from the producing party of such inadvertent production, the receiving party shall not make use of the identified document unless and until the asserted privilege with respect thereto is deemed waived or unless otherwise ordered by the Court.

**O.     Service Issues**

The parties have agreed that, to the extent possible in light of the volume of the submission, all court filings, to the extent not served through ECF (namely, filings under seal), will be served via email on each of the other parties, and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E).  Moreover, the parties agree that each party may serve discovery, in lieu of other service methods, by email under the Fed. R. Civ. P. 5(b)(2)(E).  The additional time provided by Fed. R. Civ. P. 6(d) applies to email service.

**P.     Expert Disclosures**

The parties shall exchange expert disclosures pursuant to Rule 26(a)(2) on all issues on which they bear the burden of proof by **March 16, 2011**.  The parties shall exchange rebuttal expert disclosures by **March 30, 2011**.

Concerning expert disclosures and discovery, the parties agree that the provisions of Rule 26, as amended effective December 2010, shall apply.  At the time expert disclosures are served, each party shall produce, without requiring a subpoena to its experts, all documents in the possession, custody, or control of the party or its experts that its experts relied upon in their reports or declarations (but excluding drafts, notes, and written communications pursuant to Federal Rule of Civil Procedure 26(a)(2) and 26(b)(3) as amended effective December 2010), to the extent such documents and things have not been previously produced during discovery.

### Q. Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses

The parties shall serve all pleadings, motions, and other papers on the other party electronically as provided by the Federal Rules and Local Rules. In addition, the parties agree to serve by e-mail all discovery requests and written responses and any other papers that are not filed. The serving party shall attach the pleading paper in Portable Document Format (PDF) or other form of electronic file; if transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served overnight delivery via a service with the ability to "track" deliveries and verify receipt.

### R. Dispositive Motions

The parties anticipate that the briefing deadlines for dispositive motions will be established by the Court in the Final Pretrial Conference, currently scheduled for **April 21, 2011**. If the Court prefers that the parties agree upon a deadline to file dispositive motions at this time, the parties will meet and confer in an attempt to agree upon such deadlines.

### S. Third Party Subpoenas

Any party which serves a subpoena upon a third party will simultaneously serve a copy of such subpoena upon the other party. Moreover, any party which receives documents from a third-party pursuant to a subpoena will immediately reproduce those documents to the other party. Where immediate reproduction of documents is not possible, the party which received the documents will provide immediate notice to the other party and the issue will be resolved by the parties on a case-by-case basis.

### T. 30(b)(6) Designees and Party Witnesses

The parties shall identify all corporate representatives designated to testify on behalf of the corporation pursuant to Fed. R. Civ. P. 30(b)(6) at least five (5) business days prior to the deposition. If there is a request for documents associated with such deposition, the producing

party shall make its best efforts to serve any responsive documents no later than five (5) business days prior to the deposition.

### U. Magistrate Judge

The parties do not consent to the exercise of jurisdiction by a United States Magistrate Judge for trial and entry of final judgment.

Respectfully submitted,  Respectfully submitted,

/s/Caitlin Lhommedieu
Caitlin Lhommedieu (#47796)
Sean F. Murphy
MCGUIRE WOODS LLP
1750 Tysons Boulevard,
Suite 1800
McLean, VA 22102-4215
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
clhommedieu@mcguirewoods.com
sfmurphy@mcguirewoods.com

*Attorneys for Shazam Entertainment, Ltd.*

/s/Benje Allen Selan
Amy S. Owen (#27692)
Benje Allen Selan (#65923)
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, Virginia 22182-2700
(703) 842-4480
Fax: (703) 847-4499
aowen@cochranowen.com
bselan@cochranowen.com

Raymond P. Niro
David J. Sheikh
Dina M. Hayes
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com
sheikh@nshn.com
hayes@nshn.com

*Attorneys for Iceberg Industries, LLC*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on December 1, 2010, the foregoing **JOINT PROPOSED DISCOVERY PLAN** was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

    Caitlin Lhommedieu
    Sean F. Murphy
    MCGUIRE WOODS LLP
    1750 Tysons Boulevard,
    Suite 1800
    McLean, VA  22102-4215
    Telephone: (703) 712-5000
    Facsimile: (703) 712-5050
    clhommedieu@mcguirewoods.com
    sfmurphy@mcguirewoods.com

    Benjamin Hershkowitz
    Josh Krevitt
    Brian Ankenbrandt
    Joshua Furman
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue, 47th Floor
    New York, NY  10166-0193
    Telephone:  (212) 351-2410
    Facsimile:  (212) 351-6210
    jkrevitt@gibsondunn.com
    bhershkowitz@gibsondunn.com
    bankenbrandt@gibsondunn.com
    jfurman@gibsondunn.com

    Respectfully submitted,

    /s/Benje Allen Selan_____
    Amy S. Owen (#27692)
    Benje Allen Selan (#65923)
    COCHRAN & OWEN, LLC
    8000 Towers Crescent Drive
    Suite 160
    Vienna, Virginia 22182-2700
    (703) 842-4480
    Fax:  (703) 847-4499
    aowen@cochranowen.com
    bselan@cochranowen.com

    *Attorneys for Iceberg Industries, LLC*